Marcus B. Jones, *et al.*, *vs.* Eliza Ann Wiley, Admr., etc.

A motion for a new trial, because of insufficiency of evidence, or because the verdict is contrary to law, must be made upon the written statement required by Section 582, Civil Practice Act; if no such statement be made, the exception to the ruling of the court, refusing a new trial, is void, and a bill of exceptions based thereon falls.

Error to Second Judicial District holding terms at Vancouver.

*William Strong* for plaintiff in error.

*B. F. Dennison* for defendant in error.

Opinion by Wingard, Associate Justice.

This was an action brought by defendants in error in the District court of the Second Judicial District ofthe Territory, holding terms at Vancouver, to recover a piece of land. The cause proceeded by the ordinary course; a jury was called and sworn and a verdict rendered in favor of the said defendants in error, who were the plaintiffs below.

A motion was made for a new trial by the plaintiffs in error, which was overruled by the court, and said ruling was excepted to and the exception allowed.

This was the only exception taken to the proceedings in the District court by the plaintiffs in error.

Section 285, of the Practice Act of 1877, is this : "In all cases of motion for a new trial the grounds thereof shall be clearly specified, and no cause of new trial not so stated shall be considered or regarded by the court."

The motion reads : "And now comes the defendants by their attorneys, (naming them) and moves the court for a new trial, in the above entitled action, for the following reasons :

"1.    Because of the insufficiency of the evidence to justify the verdict.

"2.    Because the said verdict is against law."

These two reasons are those mentioned in the 7th subdivision of Section 280, Practice Act, 1877, and by Section 282, *ibid*, must be made upon a written statement.

The motion for a new trial contained no such "written statement" as the statute requires. The exception to the ruling of the court in refusing a new trial, was void. The bill of exceptions based thereon must therefore fall.

This being so, nothing in the bill can avail the plaintiff in error for any purpose.

The judgment of the District court is affirmed.